**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5133**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TODD LAMAR MOSS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg. Henry M. Herlong, Jr., District
Judge. (CR-05-526-HMH)

---

Submitted: July 31, 2006          Decided: August 31, 2006

---

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Regan Alexandra Pendleton,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Todd Lamar Moss appeals his conviction and 151-month sentence following a guilty plea to conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). Moss' attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal, but raising as a potential issue whether the sentence imposed by the district court was unreasonable. Moss has filed a pro se supplemental brief. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a). Id. We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Hughes, 401 F.3d at 546-47. We have further stated that, "while we believe that the

- 2 -

appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

In reviewing the record under Anders, we have found one point of concern. In the presentence report, the probation officer states that Moss was convicted of conspiracy to possess with intent to distribute *less than* 100 grams of heroin. However, Moss clearly pled guilty to conspiracy to possess with intent to distribute *100 grams or more* of heroin. Because Moss was ultimately sentenced as a career offender, the error in determining the offense level based on drug amount seems to be of no consequence. See USSG § 4B1.1(b) (directing that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply"). But the probation officer, in attributing less than 100 grams of heroin to Moss under the career offender guideline, recommended, and the court applied, an offense level of thirty-two (for an offense statutory maximum of twenty years) rather than thirty-four (for an

offense statutory maximum of twenty-five years or more).  See 21 U.S.C. § 841(b)(1)(B)(I) (2000) (stating statutory penalty for drug offense involving 100 grams or more of heroin is not less than five years and not more than forty years).  Moss therefore should have been subject to a higher sentence.[1]  In light of the Government's failure to appeal or to respond to the Anders brief, we find that the error should inure to Moss' benefit.  Because the district court appropriately treated the guidelines as advisory, considered and examined the factors set forth in § 3553(a), and sentenced Moss within the statutory maximum, we find that Moss' sentence of 151 months of imprisonment is reasonable.

We find that the issues raised in Moss' pro se supplemental brief are without merit.[2]  In accordance with Anders,

---

[1]Based on an offense level of thirty-one and a criminal history category of VI, Moss' guideline range would have been 188 to 235 months of imprisonment.

[2]We note that, in light of the error in determining Moss' proper guidelines range, Moss' claim that his plea was not knowing and involuntary based on the amount of drugs attributed to him merits some discussion.  At the hearing on his motion to withdraw his guilty plea, Moss argued, *inter alia*, that he was not responsible for 100 grams of heroin.  The court explained that, although he was directly responsible for only one-tenth of a gram of heroin, because he was charged with conspiracy he was being held responsible for a greater amount.  Most importantly, the court concluded that, because Moss was being sentenced as a career offender, whether he was held responsible for one-tenth of a gram or 100 grams of heroin made no difference in his guidelines range.  In light of the error in the presentence report previously discussed, the district court's statement was incorrect.  In fact, the amount of drugs for which Moss was held responsible determined the applicable offense level under the career offender guideline.  However, at the hearing on the motion to withdraw, Moss agreed to

we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Moss' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                        AFFIRMED

---

being responsible for one-tenth of a gram of heroin. Because his sentence conforms to his admission based on this amount, and not the 100 grams of heroin that he disputed, we find no error in the district court's denial of his motion to withdraw his guilty plea in this regard.